IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JOHN BULLINGTON, | Civil Action No.   4:16-cv-245-HLM/WEJ |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| JEFFERSON SOUTHERN CORPORATION, | |
| Defendant. | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff John Bullington ("Plaintiff" or "Mr. Bullington"), by and through undersigned counsel, and files this Complaint for Damages, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of his rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a Caucasian male citizen of the United States of America, and is subject to the jurisdiction of this Court.

5.

At all times relevant Defendant Jefferson Southern Corporation ("Defendant" or "Jefferson Southern"), was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to their Registered Agent, J. Steve Astin, at 511 Main Street, Cedartown, Georgia 30125.

## FACTUAL ALLEGATIONS

7.

Plaintiff began his employment at Jefferson Southern on or about August 12, 2013.

8.

Plaintiff was Training Senior Coordinator at Jefferson Southern.

9.

Plaintiff worked alongside Safety Assistant Manager Courtney Pace on daily basis.

10.

Sometime in early 2016, Courtney Pace left his employment to move back to Alabama and Plaintiff applied to fill his job vacancy via an online application system.

11.

Plaintiff was interviewed by Human Resources Manager Demetria Strozier for the Safety Assistant Manager position.

12.

Despite a written published policy to promote associates from within the company, Defendant interviewed three applicants from outside the company and just two people from inside the company.

13.

An outside candidate was ultimately hired for the Safety Assistant Manager position.

14.

Despite requiring applicants to possess certain educational requirements and certain professional qualifications, which Plaintiff possessed, Defendant hired an unqualified and less experienced individual for the Safety Assistant Manager position.

15.

After becoming aware that the new hire was not qualified for the position and lacked the educational requirements, Mr. Bullington complained to Human Resources about what he believed was racial discrimination.

16.

Despite Mr. Bullington's complaint, no investigation was conducted by the company.

17.

Despite Mr. Bullington's complaint, Defendant did not attempt to rectify the situation.

18.

Instead of investigating Mr. Bullington's complaint, or taking any corrective action, Defendant terminated Plaintiff's employment just one day after he complained of race-based discrimination.

19.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

20.

Others outside of the Mr. Bullington's protected class were treated differently.

## CLAIMS FOR RELIEF

## COUNT I: VIOLATION OF 42 U.S.C. § 1981

21.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

22.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race.

23.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

24.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

25.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

26.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

27.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

28.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

## **COUNT II: VIOLATION OF 42 U.S.C. § 1981 RETALIATION**

29.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

30.

Plaintiff engaged in protected conduct when he complained about race-based discrimination.

31.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

32.

There was a causal connection between the protected conduct and the adverse action.

33.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

34.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

**WHEREFORE**, Plaintiff judgment as follows:

(a)  General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)  Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)  Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)  Reasonable attorney's fees and expenses of litigation;

(e)  Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant Jefferson Southern Corporation, has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant Jefferson Southern Corporation, from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted the 11th day of August, 2016.

**BARRETT & FARAHANY**

 /s/ Taylor J. Bennett
Amanda Farahany
Georgia Bar No. 646135
Taylor J. Bennett
Georgia Bar No. 664063

*Attorneys for John Bullington*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
amanda@justiceatwork.com
taylor@justiceatwork.com